# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: July 31, 2018

```
* * * * * * * * * * * * *
VALERIE SILVER, Parent of      *      No. 16-1019V
R.S., a minor,                 *      Special Master Sanders
                               *
          Petitioner,          *      Interim Attorneys' Fees and Costs;
                               *      Reasonable Basis; Protracted Litigation;
 v.                            *      Withdrawal of Counsel; Undue Hardship;
                               *      Reduced Attorney Hourly Rate; Reduced
SECRETARY OF HEALTH            *      Paralegal Hourly Rate; No Rate for
AND HUMAN SERVICES,            *      Unidentified Biller; Reduced for Block
                               *      Billing; Reduced for Work Outstanding
          Respondent.          *      At Time of Substitution
* * * * * * * * * * * * *
```

Andrew D. Downing, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
Christine M. Becer, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 13, 2017, Valerie Silver ("Petitioner"), parent of R.S., a minor, filed a motion for interim fees and costs, requesting $19,121.50 in interim attorneys' fees and costs for her prior counsel, Ms. Patricia Finn. ECF No. 27. The motion is now ripe for a decision. For the reasons below, the undersigned will award interim attorneys' fees and costs for prior counsel,[2] with certain reductions to the amount requested.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] Petitioner filed an additional motion for interim attorneys' fees and costs on May 8, 2018, and a supplemental request for additional fees on May 25, 2018. ECF No. 57. That motion requested interim fees and costs for Petitioner's current counsel, Mr. Andrew Downing. Petitioner was awarded $26,874.50 in attorneys' fees and $16,277.76 in attorneys' costs for Mr. Downing's work on the case through May 25, 2018. ECF No. 63.

## I.      Procedural History

On August 18, 2016, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[3]  42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioner alleged that as a result of Gardasil, Tetanus, Diphtheria and Pertussis, and Meningococcal conjugate vaccines administered on August 21, 2013, R.S. developed "intractable nausea, muscle weakness, intractable headaches, pre-syncopal episodes, chronic fatigue, exacerbation of underlying thyroid disorder resulting in surgery and permanent thyroid disorder, malabsorption, gastroparesis, chronic joint pain, exacerbation of asthma and permanent debility."  Petition at 1, ECF No. 1.

At the time the petition was filed, Petitioner was represented by Ms. Finn.  While represented by Ms. Finn, Petitioner filed fifteen exhibits.  ECF Nos. 6-7, 11.  Respondent filed his Rule 4(c) Report on February 7, 2017.  ECF No. 17.  In his report, Respondent recommended that compensation be denied.  *Id.* at 1.  Specifically, Respondent argued that R.S.'s medical records alone did not provide preponderant proof of a vaccine injury, none of R.S.'s treating physicians opined that the vaccines had a causal role in R.S.'s illnesses, and no medical expert had provided an opinion setting forth a medical theory of causation.  *Id.* at 10.

The undersigned held a Rule 5 Status Conference on March 1, 2017.  *See* Minute Entry, docketed Mar. 1, 2017.  A deadline was set for Petitioner to file an expert report on causation within ninety days, by May 30, 2017.  *See* Rule 5 Sched. Ord., ECF No. 18.  On May 25, 2017, Petitioner requested an additional sixty days to file the expert report.  ECF No. 21.  After a status conference, the undersigned granted Petitioner's request in part and allowed an additional thirty days to file the report, or until June 29, 2017.  *See* Order, ECF No. 22.  On June 26, 2017, Petitioner requested an additional sixty days to file the status report.  ECF No. 23.  The undersigned held another status conference.  *See* Minute Entry, docketed June 30, 2017.  At the conference, Petitioner represented that an expert had been retained and that Petitioner was undergoing additional testing requested by the expert.  *See* Order, ECF No. 24.  The undersigned granted Petitioner an additional 75 days to file the expert report by September 14, 2017, cautioning that reasonable basis was in question until an expert report was filed.  *Id.*  On September 12, 2017, 195 days after Petitioner was first ordered to file an expert report regarding causation, Ms. Finn contacted Chambers to inform the Court that she would be discontinuing the case.  *See* Informal Comm., docketed Sept. 12, 2017.

On October 13, 2017, Petitioner filed a consented motion to substitute attorney Andrew Downing in place of Ms. Finn.  ECF No. 28.  Although the motion to substitute was initially denied, Petitioner refiled the motion on October 27, 2017, and it was granted the same day.  ECF Nos. 29, 31-32.

Along with the motion to substitute counsel, Petitioner filed a Motion for Interim Attorneys' Fees and Costs on October 13, 2017.  ECF No. 27.  In her motion, Petitioner requested

---

[3] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act").

$19,121.50 in interim attorneys' fees and costs on behalf of Ms. Finn. *Id.* Respondent filed a response to the motion on October 26, 2017. ECF No. 30. In his response, Respondent argued that the motion should be denied because the petition lacked a reasonable basis. *Id.* at 6-7. Additionally, Respondent argued that even if the undersigned were to find that reasonable basis existed, an award of interim fees was not appropriate because the proceedings "[were] not especially protracted," there were no experts involved in the case, and Petitioner had not shown a hardship which would trigger an award of interim fees and costs. *Id.* at 7-8. The Respondent lastly argued that, if the undersigned were to find reasonable basis and conclude that an award of interim fees and costs is appropriate, the undersigned should "exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 10.

The undersigned issued an Order to Show Cause to Petitioner on October 27, 2017. ECF No. 33. In that order, the undersigned stayed consideration of Petitioner's Motion for Interim Attorneys' Fees and Costs until the filing of an expert report. *Id.*

Petitioner's current counsel, Mr. Downing, identified and filed numerous additional exhibits. *See* Mot. to Amend Schedule, ECF No. 34 (describing the record as "woefully incomplete" and listing more than twenty providers from whom records were outstanding); *see also* Pet'r Exs. 16-38, ECF Nos. 36, 39-41, 45. Petitioner filed an expert report on February 20, 2018. ECF No. 39. At a status conference held on February 28, 2018, Respondent's counsel indicated that Respondent has no issue with reasonable basis based on the filed expert report. *See* Order, ECF No. 51. Petitioner subsequently filed a second expert report and an amended petition. ECF Nos. 54, 56.

In light of the filed expert report, Chambers contacted Petitioner regarding the stayed Motion for Interim Attorneys' Fees and Costs. *See* Informal Comm., docketed Mar. 5, 2018. On March 12, 2018, Petitioner filed a reply to Respondent's Response to the motion. ECF No. 53. This matter is now ripe for consideration.

## II.    Availability of Interim Attorneys' Fees and Costs

### i.    Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1). The "good faith" requirement is subjective, and petitioners are entitled to a presumption of good faith "in the absence of direct evidence of bad faith." *Grice v. Sec'y of HHS*, 36 Fed. Cl. 114, 121 (1996). In this case, Respondent does not challenge the presumption of good faith, and there is no evidence to suggest that bad faith exists. Therefore, the undersigned is satisfied that the good faith requirement is met in this case.

The "reasonable basis" requirement "is objective, looking not at the likelihood of success but more to the feasibility of the claim." *Di Roma v. Sec'y of HHS*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Special masters determine if there was a reasonable basis by considering the totality of the circumstances, including the circumstances under which the petition is filed. *See Turner v. Sec'y of HHS*, No. 99-544V, 2007 WL 4410030, at *6-7 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Special masters may "consider the information upon

which counsel relied in preparing the vaccine petition," particularly "when supporting documentation is absent at the time of the filing of the petition." *Id.* at *7.

Counsel must make "basic inquiries" regarding a claim before filing. *Turner*, 2007 WL 4410030, at *7; *Di Roma*, 1993 WL 496981, at *2. However, petitioners and their counsel frequently do not have all of the pertinent medical records in their possession before filing, and the court "generally accepts skeletal petitions (those filed *sans* records)." *Turpin v. Sec'y of HHS*, 99-564V, 2005 WL 1026714, at *2 (Fed. Cl. Spec. Mstr. Apr. 26, 2005); *see Turner*, 2007 WL 4410030, at *7. Documentation in support of a petition is often "filed later when [a] petitioner's medical records are obtained from [a] petitioner's various health care providers." *Turner*, 2007 WL 4410030, at *8. Thus, the court "has permitted petitioners to show through 'any number' of later submitted evidentiary filings, such as medical records or expert opinions, that a reasonable basis existed for the claim." *Id.* (citing *Turpin*, 2005 WL 1026714, at *2)).

In response to Petitioner's motion, Respondent argued that Petitioner's claim lacked reasonable basis. Resp't Resp. at 6. Respondent argued that the medical records did not provide preponderant proof of a vaccine injury, and that Petitioner did not provide a medical expert opinion in support of her case. *Id.* Petitioner argued that Ms. Finn had secured an expert to review the case, and that Petitioner had undergone additional medical treatment and testing pursuant to that expert's requests. Pet'r Reply at 7. Although that expert did not ultimately author a report for this case, Petitioner ultimately obtained opinions from other experts, and has filed two expert reports in this case. ECF Nos. 49, 54. Although Respondent "maintain[s] a reasonable basis objection to the request for fees and expenses" related to work by Ms. Finn and her firm, Respondent no longer argues that Petitioner's claim lacks reasonable basis. *See* 2nd Mot. for Attys' Fees & Costs, ECF No. 57; Resp't Resp. to 2nd Mot. for Attys' Fees & Costs, ECF No. 59; *see also* Order, ECF No. 51.

The undersigned has analyzed the totality of the circumstances and finds that the reasonable basis requirement for attorneys' fees and costs is satisfied in this case. While reasonable basis was in question during the time that Ms. Finn worked on the case, a reasonable basis for the claim was ultimately established through the filing of an expert report. *See* Pet'r Ex. 39, ECF No. 49; Order, ECF No. 51. Therefore, the undersigned finds that Petitioner may recover reasonable attorneys' fees and costs.

### ii.  Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court noted that such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." 609 F.3d 1372, 1375 (Fed. Cir. 2010). It has been established that "the mere fact that an attorney plans to withdraw is not necessarily a hardship that triggers an award of interim attorneys' fees and costs." *McKellar v. Sec'y of HHS*, 101 Fed. Cl. 297, 302 (2011). However, it may sometimes be appropriate to

award interim fees when a petitioner's counsel withdraws from a case. *Davis v. Sec'y of HHS*, No. 15-277V, 2016 WL 3999784, at *3 (Fed. Cl. Spec. Mstr. July 5, 2016).

Petitioner argued that her counsel would suffer an undue hardship if interim fees are not awarded "because [Ms. Finn] will be unable to make any future filings [and] is limited ethically from further participation." Pet'r Mot. at 9. Additionally, "it will be difficult for her to keep apprised of the progress of the case." *Id.* Respondent argued that interim fees are not appropriate because proceedings are not protracted, at the time of Respondent's filing having "been pending for just over one year," and because no experts were involved. Resp't Resp. at 8. Respondent also argued that withdrawal of counsel is "not necessarily a hardship that triggers an award of interim fees and costs." *Id.* (citing *McKellar*, 101 Fed. Cl. at 302).

Petitioner's case was filed on August 18, 2016, and therefore has now been pending for nearly two years. *See* Pet., ECF No. 1. Expert reports were only recently filed. *See* Pet'r Exs. 39, 49, ECF No. 49, 54; Resp't Exs. A, C, ECF Nos. 62-1, 62-3. Due to a multitude of factors, many cases in the Program are not proceeding as quickly as they may have in the past. *See Miles v. Sec'y of HHS*, No. 12-254V, 2017 WL 4875816, at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) (where an entitlement hearing was scheduled for later the same month, the special master noted that "[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of HHS*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). Therefore, while "[t]he special master could award attorneys' fees and costs to a withdrawn counsel at the conclusion of the entitlement proceeding," it cannot be reasonably determined when an entitlement hearing might occur in this case or when a final decision will be issued. *See McKellar*, 101 Fed. Cl. at 302. Petitioner's former counsel has claimed nearly $20,000 in fees and costs, and "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of HHS*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). Therefore, the undersigned finds an award of interim attorneys' fees and costs is reasonable and appropriate in this case.

## III.    Reasonable Attorneys' Fees

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of HHS*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of HHS*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of HHS*, 85 Fed. Cl. 313, 316-18 (2008).

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees under the Vaccine Act. *Avera v. Sec'y of HHS*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an

upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

### a.  Hourly Rates

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates.  *Avera*, 515 F.3d at 1348-49.  Ms. Finn's practice is in a suburb of New York City, so she is entitled to forum rates.  *See Rowan v. Sec'y of* HHS, No. 10-272V, 2014 WL 3375588, at *3 (Fed. Cl. Spec. Mstr. June 19, 2014).  In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience.  *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *18-19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and her experience in the Vaccine Program, as well as the quality of the work performed.  *Id.* at *17.  The *McCulloch* rates have been updated for subsequent years, and are accessible on the Court's website at http://www.uscfc. uscourts.gov/vaccine-programoffice-special-masters.

### i.    Attorney Hourly Rate

Petitioner requests $400 per hour for Ms. Finn.  Mot. Ex. 1.  Neither the Motion for Interim Attorneys' Fees and Costs nor Petitioner's reply contains any information about the qualifications or experience of Ms. Finn.  However, based on other decisions in the Program, it appears that Ms. Finn has been admitted to practice since 2003.  *Rowan*, 2014 WL 375588, at *3.  Thus, Ms. Finn had approximately 13 years of experience in practice when she began this case in 2016.  The undersigned finds that the requested $400 per hour for Ms. Finn is not reasonable in light of her experience, the *McCulloch* ranges, and the quality of her work in this case.

Although Ms. Finn regularly requests $400 for her work in Vaccine Program cases, other special masters have reduced her rate to comply with the *McCulloch* ranges applicable for attorneys with her experience.  The 2015-2016 forum rate range for attorneys with 11 to 19 years of experience in practice was $300-$375 per hour.  In 2017, the range was $307-$383 per hour.  Ms. Finn has previously been awarded up to $328 per hour for work performed in 2016 and $340 per hour for work performed in 2017.  *Mulroy v. Sec'y of HHS*, No. 15-1324V, 2017 WL 4585570, *2 (Fed. Cl. Spec. Mstr. 2017) (awarding $316 per hour for work performed in 2016 and $340 per hour for work performed in 2017); *Echevarria v. Sec'y of HHS*, No. 15-100V, 2016 WL 6872975, *3 (Fed. Cl. Spec. Mstr. 2016) (awarding $328 per hour for work performed in 2016).  The undersigned agrees with the prior decisions reducing Ms. Finn's charged rate to comply with the *McCulloch* range for attorneys with her experience.

However, the undersigned finds that Ms. Finn's work in this case does not justify an award of the rates that she has been previously awarded in the Program.  Ms. Finn's firm began working on the case in July 2016, and continued until Mr. Downing was substituted as counsel in October 2017.  Ms. Finn herself began to bill hours as of March 1, 2017, when the Rule 5 Status Conference was held.  Mot. Ex. 1 at 4.  On that date, Ms. Finn was ordered to file an expert report to support Petitioner's claim within ninety days.  Order, ECF No. 18.  After that date, Ms. Finn's billing records reflect that she had very little involvement in the case, other than reviewing for and

participating in status conferences ordered by the Court in response to two motions for extensions of time. Mot. Ex. 1 at 4-6. At the first status conference, Ms. Finn told the Court that the expert was not fully committed and had provided only a preliminary opinion. *See* Order, ECF No. 22. At the second status conference, Ms. Finn told the Court that the expert had been retained but had requested additional clinical data. *See* Order, ECF No. 24. Ms. Finn was cautioned at that conference that reasonable basis was in question going forward. *Id.* While Ms. Finn was afforded additional time to procure an expert report, Petitioner did not ever file an expert report while Ms. Finn was the counsel of record. On September 12, 2017, Ms. Finn informed Chambers that she would be discontinuing the case. *See* Informal Communication, docketed Sept. 12, 2017. In total, Ms. Finn had more than six months to file an expert report in support of Petitioner's claim.

Ms. Finn's failure to procure an expert report meant that reasonable basis for Petitioner's case remained in question until Mr. Downing filed an expert report on February 20, 2018. Pet'r Ex. 39, ECF No. 49; *see* Order, ECF No. 51. Additionally, when Mr. Downing took over this case from Ms. Finn, he described the record as "woefully incomplete." Mot. to Amend Schedule, ECF No. 34. Ms. Finn's failure to file a complete medical record and procure an expert report have caused significant delays to Petitioner's case. Based on Ms. Finn's work in this case, the undersigned finds that Ms. Finn should be compensated at the lowest end of the *McCulloch* range for an attorney with her experience. Therefore, the undersigned will award Petitioner $307 per hour for the work performed by Ms. Finn in 2017. For the 5.80 hours billed by Ms. Finn, this reduction in the attorney hourly rate will reduce the overall award by **$539.40**.

### ii.    Paralegal Hourly Rate

In addition to the requested attorneys' fees, Petitioner requests fees for three other individuals at Ms. Finn's firm: JW, JR, and RW. *See* Mot. Ex. 1. Petitioner's motion also includes four billing entries where the person billing time is not identified. *Id.* at 4 (01/16/17; 01/25/17; 02/08/17; and 02/28/17 billing entries).

Although her original motion contains no information about the other individuals at Ms. Finn's firm, resumes for Ms. Jessica Wallace and Ms. Jill Rubolino were attached to Petitioner's Reply as exhibits. *See* Pet'r Reply Ex. 1, ECF No. 53-1; Pet'r Reply Ex. 2, ECF No. 53-2. Ms. Wallace earned her J.D. in 2007. Pet'r Reply Ex. 2 at 1. She has worked as a "paralegal/office manager/case manager" at Ms. Finn's firm since 2009, and per diem as a "legal secretary" at another firm since 2012. *Id.* Ms. Wallace's resume does not indicate that she is admitted to practice as an attorney in any state. *See id.* Ms. Rubolino is a nurse and does not appear to have legal training or experience aside from working for Ms. Finn's firm since 2016. Pet'r Reply Ex. 1. No information is provided in the Motion or Reply regarding RW, but according to another Program decision involving Ms. Finn's firm, RW is Racheal Williams, a law clerk at the firm who was admitted to practice in September 2016. *Echevarria v. Sec'y of HHS*, No. 15-100V, 2016 WL 6872975, at *3 n. 4 (Fed. Cl. Spec. Mstr. Oct. 28, 2016).

Petitioner requests $200, $145, and $145 per hour for Ms. Wallace, Ms. Rubolino, and Ms. Williams, respectively, for work performed in 2016 and 2017. Pet'r Mot. Ex. 1.

Although Ms. Wallace has a J.D. and has been working at Ms. Finn's firm for a considerable amount of time, her resume reflects that she is not a licensed attorney. Furthermore, the work that she performed was paralegal in nature, and even practicing attorneys get paid at a paralegal rate when performing paralegal work. *Mostovoy v. Sec'y of HHS*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). According to the fee schedules, paralegals are entitled to $125 to $145 per hour for work performed in 2016, and $128 to $148 for work performed in 2017. Petitioner's requested rate for the two other employees performing paralegal work on the case was $145, and the undersigned finds that **$145 per hour** is a reasonable rate for all of the work performed by Ms. Wallace. For the 15.90 hours[4] billed by Ms. Wallace, this reduction in Ms. Wallace's hourly rate will reduce the overall award by **$874.50**.

The undersigned finds that $145 is not a reasonable rate for Ms. Rubolino, who does not appear to have any legal training or experience aside from working for Ms. Finn's firm. The undersigned finds that **$125 per hour** is a reasonable rate for Ms. Rubolino. This rate is consistent with at least one prior decision in the program; in that case, Ms. Finn herself argued that $125 per hour was a reasonable hourly fee for Ms. Rubolino's work. *Pelton v. Sec'y of HHS*, No. 14-674V, 2017 WL 3378773, at *5 (Fed. Cl. Spec. Mstr. July 12, 2017). For the 84.20 hours billed by Ms. Rubolino, this reduction in Ms. Rubolino's hourly rate will reduce the overall award by **$1,684.00**.

The undersigned finds that $145 is likewise not a reasonable rate for Ms. Williams, who does not have as much experience as Ms. Wallace based on the information available. The undersigned finds that **$135 per hour** is a reasonable rate for work performed by Ms. Williams. This reduction in Ms. Williams's hourly rate will reduce the overall award by **$60.00**.

The undersigned will not award any rate for work performed by an unidentified person. On January 16, 2017, an unidentified person "review[ed] [the notice of reassignment] to SM Sanders" for 0.10 hours at a rate of $200.00 per hour. Mot. Ex. 1 at 4. On January 25, 2017, an unidentified person billed for "email from client re: status of case, responded," for 0.10 hours at a rate of $200.00 per hour. *Id.* On February 8, 2017, an unidentified person "review[ed] email and Rule 4" for 0.50 hours at a rate of $125.00 per hour. On February 28, 2017, an unknown person billed for "email from client re: RS will be hospit[a]lized for procedure in March, q about update, emailed back with update," for 0.20 hours at a rate of $200.00 per hour. *Id.* Without information about who performed the listed work, the undersigned cannot find that the rate charged was reasonable. The reduction in hourly rate for these 0.90 hours will reduce the overall award by **$142.50**.

### b.  Hours Expended

An application for fees and costs must detail and explain the time billed so that a special master can determine whether the amount requested is reasonable. *Bell v. Sec'y of HHS*, 18 Cl. Ct. 751, 760 (1989). Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is disfavored in the Vaccine Program. Ms. Finn has been repeatedly cautioned in prior Program decisions that block billing is discouraged. *See, e.g., Rowan v. Sec'y*

---

[4] The billing log reflects that Ms. Wallace billed $0.00 per hour for certain activities. *See, e.g.,* Mot. Ex. 1 at 4 (03/01/17 JW entries). The undersigned will treat such entries as though no time was billed.

*of HHS*, No. 10-272V, 2014 WL 3375588, at *5 (Fed. Cl. Spec. Mstr. June 19, 2014) ("Simply indicating that a huge block of time was expended is insufficient to demonstrate reasonableness. Ms. Finn's billing records should reflect what was done in detail."); *Pelton*, 2017 WL 3378773, at *6 (special master noted that she had previously "refused to compensate Ms. Finn for block billing"). The Vaccine Program's Guidelines clearly state that "[e]ach task should have its own line entry indicating the amount of time spent on that task. Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request." Vaccine Guidelines, Section X, Chapter 3, Part B(1)(b).

In this case, it was primarily Ms. Rubolino whose hours were billed in large blocks of time, although every biller regularly lumped several activities into one time entry. *See* Mot. Ex. 1. As an example of Ms. Rubolino's billing, the undersigned highlights three entries from July 18, 2016. *Id.* On that date, Ms. Rubolino billed 3.25 hours for the following: "review email, obtain new records, research, VAERS." *Id.* Ms. Rubolino also billed 0.75 hours for the following: "phone conference with client, review summary." *Id.* Finally, Ms. Rubolino also billed 6.25 hours to "review Gardasil cases." *Id.* While the 10.25 hours of time on that date are separated into three entries, it is still impossible to determine whether the time spent was reasonable based on the entries. On other days, Ms. Rubolino billed even larger blocks of time for multiple activities. *Id.* For example, she billed 7 hours on August 15, 2016 for the following: "petition, conference call, affidavits, exhibits;" and 9 hours on August 16, 2016 for the following: "prepare exhibits for filing, edit petition, affidavits." *Id.* Because it would be impossible to determine precisely how much of Ms. Rubolino's block-billed time evidenced throughout the time log is unreasonable, Ms. Rubolino's total hours billed will be reduced by 10%. This will reduce the overall award by **$1,052.50**. The undersigned cautions Petitioner's former counsel that, in the future, additional reductions may be made for block-billed entries.

The undersigned has also determined that, in addition to the above reductions, an additional downward departure from the initial calculation of the fee award is necessary. *Avera*, 515 F.3d at 1348. When Ms. Finn withdrew from the case, there were numerous outstanding medical records and no expert report had been filed. After six months of extensions, an Order to Show Cause was issued which required that an expert report be filed because reasonable basis remained in question. The undersigned recently awarded Mr. Downing, Petitioner's current counsel, $43,152.26 in interim attorneys' fees and costs for his efforts in bring the Petitioner into compliance with the Court's orders. ECF No. 63. Therefore, the undersigned finds that it is not reasonable to award Petitioner the requested amount for Ms. Finn and her firm in light of how much work was required to eventually bring the case into compliance. The undersigned will reduce the total amount by an additional 10%, calculated after all other reductions. This will reduce the total award by an additional **$1,436.86**.

## IV. Attorney's Costs

The Vaccine Act also permits an award of reasonable attorneys' costs. 42 U.S.C. § 300aa-15(e). Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of HHS*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). The only cost claimed by Petitioner on behalf of Ms. Finn is the $400 filing fee. The undersigned finds that this is a reasonable cost and awards it in full.

## V.      Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable interim attorneys' fees and costs:

| | |
|---|---:|
| Attorneys' Fees Requested | $18,721.50 |
| (Reduction for Ms. Finn's Hourly Rate) | - $539.40 |
| (Reduction for Ms. Wallace's Hourly Rate) | - $874.50 |
| (Reduction for Ms. Rubolino's Hourly Rate) | - $1,684.00 |
| (Reduction for Ms. Williams's Hourly Rate) | - $60.00 |
| (Reduction for Billing by Unidentified Person(s)) | - $142.50 |
| (Reduction for Ms. Rubolino's Block Billing) | - $1,052.50 |
| (Reduction for Work Outstanding at Time of Substitution) | - $1,436.86 |
| **Attorneys' Fees Awarded** | **$12,931.74** |
| | |
| Attorneys' Costs Requested | $400.00 |
| **Attorneys' Costs Awarded** | **$400.00** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$13,331.74** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for interim fees and costs, other than those reductions delineated above, is reasonable and should be awarded at this time.  Accordingly, the undersigned hereby awards a total of **$13,331.74[5] in the form of a check made payable jointly to Petitioner and Petitioner's former counsel, Patricia A. Finn, of Patricia Finn, P.C., for interim attorneys' fees and costs.[6]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[7]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter by Patricia Finn, P.C. This award encompasses all charges by the attorney against the client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] The Clerk of Court is directed to send a copy of this decision to Petitioner's former counsel, Patricia A. Finn, of Patricia Finn Attorney, P.C., located at 58 East Route 59, Suite 4, Nanuet, NY 10954.

[7] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).