# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: July 31, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| VALERIE SILVER, Parent of | * | |
| R.S., a minor, | * | |
| | * | No. 16-1019V |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | Interim Attorneys' Fees and Costs; |
| | * | Protracted Litigation; Undue Hardship |
| SECRETARY OF HEALTH | * | Reasonable Attorney Rate; Reasonable |
| AND HUMAN SERVICES, | * | Paralegal Rate; Reduced for Firm Errors; |
| | * | Reduced for Clerical/Administrative |
| Respondent. | * | Work; Reasonable Costs |
| * * * * * * * * * * * * * | | |

<u>Andrew D. Downing</u>, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.
<u>Christine M. Becer</u>, United States Department of Justice, Washington, DC, for Respondent.

### <u>DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS</u>[1]

On May 8, 2018, Valerie Silver ("Petitioner"), parent of R.S., a minor, filed a motion for interim fees and costs, requesting $43,988.26 in interim attorneys' fees and costs for her current counsel, Mr. Andrew Downing.[2] ECF No. 57. In a supplemental filing, Petitioner requested an additional $2,534.00 in attorneys' fees related to responding to Respondent's opposition of Petitioner's original motion. Therefore, the total amount requested for Petitioner's current counsel is $46,522.26. The motion is now ripe for a decision. For the reasons below, the undersigned will award interim attorneys' fees and costs for Petitioner's current counsel, with certain reductions to the amount requested.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] Petitioner had previously filed a motion for interim fees and costs on behalf of her former counsel, Ms. Patricia Finn, on October 13, 2017. ECF No. 27. The undersigned will rule on that motion in a separate decision.

1

I.      **Procedural History**

On August 18, 2016, Petitioner filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[3] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that as a result of Gardasil, Tetanus, Diphtheria and Pertussis, and Meningococcal conjugate vaccines administered on August 21, 2013, R.S. developed "intractable nausea, muscle weakness, intractable headaches, pre-syncopal episodes, chronic fatigue, exacerbation of underlying thyroid disorder resulting in surgery and permanent thyroid disorder, malabsorption, gastroparesis, chronic joint pain, exacerbation of asthma and permanent debility." Petition at 1, ECF No. 1.

At the time the petition was filed, Petitioner was represented by Ms. Finn. While represented by Ms. Finn, Petitioner filed fifteen exhibits. ECF Nos. 6-7, 11. Respondent filed his Rule 4(c) Report on February 7, 2017. ECF No. 17. In his report, Respondent recommended that compensation be denied. *Id.* at 1. Specifically, Respondent argued that R.S.'s medical records alone did not provide preponderant proof of a vaccine injury, none of R.S.'s treating physicians opined that the vaccines had a causal role in R.S.'s illnesses, and no medical expert had provided an opinion setting forth a medical theory of causation. *Id.* at 10.

The undersigned held a Rule 5 Status Conference on March 1, 2017. *See* Minute Entry, docketed Mar. 1, 2017. A deadline was set for Petitioner to file an expert report on causation within ninety days, by May 30, 2017. *See* Rule 5 Sched. Ord., ECF No. 18. After numerous extensions, Ms. Finn ultimately contacted Chambers to inform the Court that she would be discontinuing the case without filing an expert report. *See* Informal Comm., docketed Sept. 12, 2017.

On October 13, 2017, Petitioner filed a consented motion to substitute Mr. Downing in place of Ms. Finn. ECF No. 28. Although the motion to substitute was initially denied, Petitioner refiled the motion on October 27, 2017, and it was granted the same day. ECF Nos. 29, 31-32. Also on October 27, 2017, the undersigned issued an Order to Show Cause to Petitioner. ECF No. 33.

Petitioner's current counsel, Mr. Downing, identified and filed numerous additional exhibits. *See* Motion to Amend Schedule, ECF No. 34 (describing the record as "woefully incomplete" and listing more than twenty providers from whom records were outstanding); *see also* Pet'r Exs. 16-38, ECF Nos. 36, 39-41, 45. Petitioner filed an expert report on February 20, 2018. ECF No. 39. At a status conference held on February 28, 2018, Respondent's counsel indicated that Respondent has no issue with reasonable basis based on the filed expert report. *See* Order, ECF No. 51. Petitioner then filed an additional expert report on March 20, 2018. ECF No. 54. She also filed an amended petition on April 30, 2018. ECF No. 56. Respondent filed responsive expert reports on July 25, 2018. Resp't Exs. A, C, ECF Nos. 62-1, 62-3.

On May 8, 2018, Petitioner filed a motion for interim attorneys' fees and costs for her current counsel, Mr. Downing. ECF No. 57. In the motion, Petitioner requests $27,710.50 in

---

[3] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) (hereinafter "Vaccine Act" or "the Act").

attorneys' fees and $16,277.76 in costs. *Id.* at 7. Petitioner's motion indicates that Respondent does not object as to good faith or a reasonable basis underlying the claim. *Id.* at 4. Petitioner also filed Motion Exhibit A, which contains billing records and receipts in support of the motion. Mot. Ex. A, ECF No. 57-1.

On May 22, 2018, Respondent filed a response to Petitioner's motion, objecting to an award of interim fees. ECF No. 59. In his response, Respondent argues that proceedings in this case "are not especially protracted," as the case has been pending for "under two years." *Id.* at 2 (citing *Al-Uffi v. Sec'y of HHS*, No. 13-956V, 2015 WL 6181669, at *8 (Fed. Cl. Spec. Mstr. Sept. 30, 2015) ("I cannot find that this matter is protracted given its procedural history. Even though [the petitioner's] petition may be approaching its second anniversary, it is common for Vaccine Program cases that do not settle quickly to last twice that long.")). Additionally, Respondent argued that "Mr. Downing has only been involved in the case for approximately seven months." *Id.* at 2-3. Respondent, citing a decision from the Court of Federal Claims, also wrote that "[t]he Federal Circuit has made clear that interim fee awards should be the rare exception, and not the rule." *Id.* at 2 (citing *McKellar v. Sec'y of HHS*, 101 Fed. Cl. 297, 300 (2011) ("The ruling in *Avera* nevertheless suggests that there is not a presumption of entitlement to interim fees."))[4] However, citing a lack of resources, Respondent declined to provide specific objections to the fees and costs requested in Petitioner's motion. *Id.* at 5 n.1. Respondent argued only that the undersigned should "exercise her discretion and determine a reasonable award for attorney[s'] fees and costs" if it is concluded that an award for interim fees is appropriate. *Id.* at 3.

Petitioner filed a reply on May 25, 2018. ECF No. 60. In the reply, Petitioner addressed *McKellar* and *Al-Uffi* and argued that they do not support Respondent's position. *Id.* at 1-2. Regarding *Al-Uffi*, Petitioner noted that interim fees were ultimately granted in that case, despite the special master's finding that the matter was "not particularly protracted." *Id.* at 2-3; *Al-Uffi*, 2015 WL 6181669, at *8-9. Regarding *McKellar*, Petitioner argued that Respondent's assertion that fees "should be the rare exception, not the rule," was "misleading" because that language is not in the *McKellar* decision and the quoted parenthetical does not support the assertion. Pet'r Reply at 1-2; *see McKellar*, 101 Fed. Cl. 297.

Petitioner then argued that the "three threshold factors" for an interim award "presented in the Court's Order" have been met. *Id.* at 2-3 (citing Initial Order, ECF No. 4).[5] She also noted that Respondent "ma[de] no specific objection of any kind to petitioner's Application regarding rates or the amount of hours expended for attorneys, staff, or experts." *Id.* at 3. On the same day, Petitioner filed a "supplement to the interim application for attorneys' fees and costs," wherein she

---

[4] The quote cited in the parenthetical appears in the cited decision of the Court of Federal Claims. Based on the undersigned's review, it does not appear that the *McKellar* case ever reached the Federal Circuit.

[5] The Court's Initial Order provides that the Court "will typically defer ruling on any interim fee requests made prior to issuance of an entitlement decision (or entitlement concession) where any of the following conditions applies: [(1)] The amount of fees requested is less than $25,000; [(2)] If expert costs are requested for one or more experts, the aggregate amount of associated expert costs is less than $10,000; and/or [(3)] The case has been pending for less than eighteen months (measured from the date of filing)." Initial Ord. at 4, ECF No. 4.

requested an additional $2,534.00 in attorneys' fees representing "billed time spent responding to Respondent's objection."[6] ECF No. 61. This matter is now ripe for consideration.

## II. Availability of Interim Attorneys' Fees and Costs

### i. Good Faith and Reasonable Basis

Under the Vaccine Act, petitioners may recover reasonable attorneys' fees and costs only if "the petition was brought in good faith and there was a reasonable basis for which the petition was brought." 42 U.S.C. § 300aa-15(e)(1). Respondent does not object to Petitioner's motion on the basis of good faith or reasonable basis, and the undersigned finds that the statutory criteria for an award of fees and costs is met.

### ii. Justification for an Interim Award

In *Avera*, the Federal Circuit stated that a special master may award attorneys' fees and costs on an interim basis. 515 F.3d 1343, 1352 (Fed. Cir. 2008). The Court noted that such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." *Id.* Similarly, the Federal Circuit held in *Shaw* that it is proper for a special master to award interim attorneys' fees "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." 609 F.3d 1372, 1375 (Fed. Cir. 2010).

Petitioner persuasively characterizes Respondent's assertion that "[t]he Federal Circuit made clear that interim fee awards should be the rare exception, and not the rule," as "misleading." Resp't Resp. at 2. First, the authority cited for that assertion comes from the Court of Federal Claims, not the Federal Circuit, and it is therefore not binding precedent. Second, it is not clear, as Respondent asserts, that the *McKellar* decision supports a finding that interim fee awards "should be the rare exception." Rather, special masters have considerable discretion in deciding whether awarding interim attorneys' fees and costs is appropriate. *Al-Uffi*, 2015 WL 6181669, at *5; *see also Bear v. Sec'y of HHS*, No. 11-362V, 2013 WL 691963, at *3-5 (Fed. Cl. Spec. Mstr. Feb. 3, 2013) (reviewing interim fee rulings post-*Avera* and noting that *Avera* "le[ft] the special masters broad *discretion* to consider many factors in considering whether an interim award is appropriate in a particular case") (emphasis in original).

Petitioner's Motion and Reply focus primarily on the argument that interim fees should be awarded because the "three threshold factors" outlined by the Court in the Initial Order have been met. Pet'r Mot., ECF No. 57 (citing Initial Order, ECF No. 4); Pet'r Reply, ECF No. 60. However, Petitioner's reliance on those three factors as the basis for awarding interim fees is misplaced. The Initial Order states that "interim fee requests are often made prematurely." Initial Order at 4, ECF No. 4. It notes that the Court "will typically defer ruling on any interim fee requests" which are made before a ruling on entitlement and before the three identified factors are satisfied. *Id.* However, the Court is not required to award fees when those conditions have been met; it is simply

---

[6] The supplemental billing records also reflect time billed for other tasks related to the case. The undersigned will consider all of the time reflected in the supplemental billing statement in this decision.

more likely that a request for interim fees and costs made when those thresholds have been met will be reasonable, particularly under the factors set forth in precedent such as *Avera* and *Shaw*.

Petitioner's stronger argument, made briefly, is that Petitioner's current counsel "expended a significant amount of time, effort, and money to get this case back on track and in compliance with Orders of this Court." Pet'r Reply at 3, ECF No. 60. Although Petitioner's current counsel has been the attorney of record in the case for less than one year, Petitioner's case has been pending for nearly two years, and the record is voluminous. Petitioner has requested over $46,000 in fees and costs for her current counsel, nearly half of which represents the costs associated with completing the record and obtaining supporting expert opinions so that reasonable basis could be established. The case is now on track to proceed towards resolution. However, due to a multitude of factors, many cases in the Program are not proceeding as quickly as they may have in the past. *See Miles v. Sec'y of HHS*, No. 12-254V, 2017 WL 4875816, at *5 (Fed. Cl. Spec. Mstr. Oct. 4, 2017) (where an entitlement hearing was scheduled for later the same month, the special master noted that "[i]t may be months to years before an entitlement ruling is issued"); *Abbott v. Sec'y of HHS*, No. 14-907V, 2016 WL 4151689, at *4 (Fed. Cl. Spec. Mstr. July 15, 2016) ("The delay in adjudication, to date, is due to a steady increase in the number of petitions filed each year."). It is true, as Respondent notes was discussed in *Al-Uffi*, that "it is common for Vaccine Program cases that do not settle quickly" to last for many years. Resp't Resp. at 2 (citing *Al-Uffi*, 2015 WL at 6181669, at *8). However, just because many cases remain pending for a long time does not render the present case any less protracted. Furthermore, the undersigned finds that "[i]t cannot be seriously argued that in essence loaning cases thousands of dollars for years is not a hardship." *Kirk v. Sec'y of HHS*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009). As Petitioner notes, the availability of attorneys' fees under the Vaccine Act helps ensure that petitioners have access to competent legal representation, and that purpose is aided when petitioners' counsel "have assurances that their fees will be satisfied in some type of a timely fashion." Pet'r Mot. at 3. Therefore, the undersigned finds an award of interim attorneys' fees and costs for Petitioner's current counsel is reasonable and appropriate given the overall circumstances of this case.

### III. Reasonable Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees under the Vaccine Act. *Avera v. Sec'y of HHS*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of HHS*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines v. Sec'y of HHS*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed

and the number of hours spent on said work. *See Savin v. Sec'y of HHS*, 85 Fed. Cl. 313, 316-18 (2008).

### a. Hourly Rates

Forum rates are used in the lodestar formula, except when the rates in an attorney's local area are significantly lower than forum rates. *Avera*, 515 F.3d at 1348-49. Mr. Downing's practice is in Phoenix, Arizona, and he has previously been awarded forum rates. *Bales v. Sec'y of HHS*, No. 15-882V, 2017 WL 2243094, at *3-4 (Fed. Cl. Spec. Mstr. Apr. 26, 2017). In a 2015 decision, Special Master Gowen determined the reasonable forum rate ranges for attorneys with varying years of experience. *McCulloch v. Sec'y of HHS*, No. 09-293V, 2015 WL 5634323, at *18-19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *mot. for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). When considering whether a requested rate is reasonable, special masters may consider an attorney's overall legal experience and his experience in the Vaccine Program, as well as the quality of the work performed. *Id.* at *17. The *McCulloch* rates have been updated for subsequent years, and are accessible on the Court's website at http://www.uscfc. uscourts.gov/vaccine-programoffice-special-masters.

Petitioner notes in her Motion that "[t]his Court has already found the hourly rates charged by [Mr. Downing] and [his] staff with Van Cott & Talamante to be reasonable," and she therefore omits "additional discussion as to the reasonableness of the rates billed." Pet'r Mot. at 5-6. For Mr. Downing, Petitioner requests $375 and $385 per hour for work performed in 2017 and 2018, respectively. Mot. Ex. A at 23. For Courtney Van Cott, Petitioner requests $195 and $205 per hour for 2017 and 2018, respectively. *Id.* For Robert W. Cain and Danielle P. Avery, Petitioner requests $135 per hour all work performed. *Id.* The undersigned finds that the requested rates are consistent with what these individuals have been previously awarded in the Program and that the rates are reasonable in light of *McCulloch*. *See Toes v. Sec'y of HHS*, No. 16-819V, 2017 WL 3671509 (Fed. Cl. Spec. Mstr. July 31, 2017).

### b. Hours Expended

Although the undersigned finds that the hourly rates are reasonable, the undersigned has determined that certain billing entries are not reasonable. First, the undersigned finds that it is not reasonable to request reimbursement for time spent correcting errors made by the firm itself. On November 16, 2017, Ms. Avery billed 0.30 hours to review the file, draft a motion to strike, and seek review of the motion from Mr. Downing. Mot. Ex. A at 13. Mr. Downing reviewed the motion to strike the next day, billing 0.10 hours for that task. *Id.* at 3. Ms. Avery then billed an additional 0.30 hours to finalize and file the motion, receive confirmation, and process the filed copy of the motion. *Id.* Ms. Avery also billed 0.20 hours to "receive, review and process [the] Court's Order" on the motion. *Id.* All of this time, for which Petitioner requests $145.50 on behalf of Mr. Downing and his firm, related to a motion to strike an exhibit which "contain[ed] records that are not related to [Petitioner] and was inadvertently filed." Mot. to Strike, ECF No. 37. The undersigned will not award any amount for this time, and thus will reduce the total award by **$145.50**.

On February 20, 2018, Ms. Avery also billed 0.30 hours to "draft Petitioner's Motion to Strike Exhibits" and 0.30 hours to electronically file and process the motion. Mot. Ex. A at 16.

6

On the same date, Mr. Downing billed 0.10 hours to review the motion. *Id.* at 5. However, no such motion is reflected on the docket. Therefore, the billing entries are either reflected in the wrong case, or the motion was drafted in error and not used. Either way, the undersigned will not award any amount for this time, and thus will reduce the total award by **$119.50**.

Second, while clerical and other administrative work is necessary in every case, billing separately for such work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (tasks that were "primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fees rates"). Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, and reviewing invoices. *See Mostovoy v. Sec'y of HHS*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). It also includes scanning, paginating, organizing, and saving exhibits, preparing compact discs, and filing records. *Floyd v. Sec'y of HHS*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); *Hoskins v. Sec'y of HHS*, No. 15-071V, 2017 WL 3379270, at *3 (Fed. Cl. Spec. Mstr. July 12, 2017); *Kerridge v. Sec'y of HHS*, No. 15-852V, 2017 WL 4020523, at *3 (Fed. Cl. Spec. Mstr. July 28, 2017). It is the nature of the tasks performed, and not a person's professional title, which determines whether the work is legal, paralegal, or clerical in nature. *Doe 11 v. Sec'y of HHS,* No. XX–XXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins,* 491 U.S. 274, 288 (1989)).

The undersigned finds that most of the tasks performed by Ms. Avery are clerical in nature. Receiving and sending faxes, emails, and other routine correspondence, confirming receipt of such correspondence, "receiv[ing], review[ing,] and process[ing]"[7] records and court orders, and noting deadlines, are all clerical tasks. Likewise, receiving, reviewing, processing, and paying invoices is clerical. While some organization and review of records is required, downloading and saving documents to internal files, numbering exhibits, finalizing and filing documents, and receiving CM/ECF filing notices are clearly clerical tasks. None of these tasks requires the expertise of a paralegal, and they are tasks that should not be billed separately in the Program. The balance of Ms. Avery's billed time involved drafting notices of filing, letters to experts, a statement of completion, and a motion for additional time. These types of filings are routine in the Vaccine Program, and could arguably also be classified as clerical. Additionally, many of those tasks are block billed along with clerical tasks, so it is difficult to determine a precise number of hours that represent non-clerical tasks. After careful analysis, the undersigned estimates that 2.00 of the hours billed by Ms. Avery reasonably represent non-clerical work. Therefore, the undersigned will reduce the total award by **$3,105.00**.[8] As this is an interim fees award, Mr. Downing is hereby

---

[7] Ms. Avery regularly billed to "receive, review[,] and process" records, while Mr. Downing (an attorney), Mr. Cain (a paralegal) and Ms. Van Cott (an attorney) each performed what appears to be more substantive review of the same records. *See, e.g.*, Mot. Ex. A at 3 (on 11/07/2017, Mr. Downing billed for "analysis" of Moss Chiropractic medical chart); *id.* at 8 (on 11/07/2017, Mr. Cain billed for "review" of Moss Chiropractic records and updated internal firm notes); *id.* at 11 (on 11/07/2017, Ms. Avery billed to "[r]eceive, review[,] and process" the Moss Chiropractic records); *id.* at 18 (on 11/15/2017, Ms. Van Cott billed to "review" records, including those from Moss Chiropractic). Therefore, it is clear that Ms. Avery's "review" was clerical in nature.

[8] This amount represents a reduction of 22.40 of Ms. Avery's remaining 24.40 hours claimed in the initial motion, as well as the 0.60 hours in Petitioner's Supplemental Brief.

cautioned that in the future, particularly for this case, failure to separate individual tasks where clerical tasks are billed alongside non-clerical tasks may result in a reduction of the entire billing entry.

The undersigned has reviewed the balance of the billing records in Motion Exhibits A and B, and finds that the hours expended, other than those described above, are reasonable and will be awarded in full.

### IV. Attorney's Costs

The Vaccine Act also permits an award of reasonable attorneys' costs. 42 U.S.C. § 300aa-15(e). Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of HHS*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $16,277.76 in attorneys' costs related to retaining expert witnesses and obtaining expert reports, sending and receiving faxes, making photocopies, using PACER, obtaining medical records, and postage. Mot. Ex. A at 21-23. The undersigned finds that the requested costs are reasonable and should be awarded in full.

### V. Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable interim attorneys' fees and costs:

| | |
|---|---:|
| Attorneys' Fees Requested in Motion | $27,710.50 |
| Attorneys' Fees Requested in Supplemental Brief | $2,534.00 |
| (Reduction for Time Spent Correcting Firm Error) | - $145.50 |
| (Reduction for Time Billed for Incorrectly Billed or Unused Motion) | - $119.50 |
| (Reduction for Ms. Avery's Billed Clerical Tasks) | - $3,105.00 |
| **Attorneys' Fees Awarded** | **$26,874.50** |
| | |
| Attorneys' Costs Requested | $16,277.76 |
| **Attorneys' Costs Awarded** | **$16,277.76** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$43,152.26** |

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for interim fees and costs, other than those reductions delineated above, is reasonable and should be awarded at this time. Accordingly, the undersigned hereby awards **a total of $43,152.26, in the form of a check made payable jointly to Petitioner and Petitioner's counsel, Andrew D. Downing, of Van Cott & Talamante, PLLC, for interim attorneys' fees and costs.**[9]

---

[9] Petitioner's Supplemental Interim Fee Application was filed on May 25, 2018 and contains a billing invoice from Mr. Downing's firm dated May 25, 2018. Supp. Br., ECF No. 61; Mot. Ex. B, ECF No. 61-1. Therefore, this amount is intended to cover all legal expenses incurred in this matter by Mr. Downing and his firm through May 25, 2018. This award encompasses all charges

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[10]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

by the attorney against the client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of HHS*, 924 F.2d 1029 (Fed. Cir. 1991).

[10] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).